UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA


JEROME PARKER                                              CIVIL ACTION

VERSUS                                                     NO. 09-5480

SODEXCO REMOTE SITES                                       SECTION "K""2"
PARTNERSHIP AND NOBLE
DRILLING CORPORATION


**ORDER AND OPINION**

Before the Court is the "Motion for Summary Judgment on Jones Act Liability" filed on behalf of defendant Sodexco Remote Sites Partnership ("Sodexco"). Having reviewed the pleadings, memoranda, and relevant law, the Court, for the reasons assigned, DENIES the motion.

BACKGROUND

Sodexco employed Jerome Parker as an offshore catering hand, with responsibility for, among other things, doing laundry. Sodexco assigned Jerome Parker to work aboard the NOBLE AMOS RUNNER, owned by Noble Drilling Co. ("Noble"). At the relevant time herein, Mr. Parker had worked aboard the NOBLE AMOS RUNNER for approximately five months.

The laundry room on the NOBLE AMOS RUNNER has an aisle with washing machines and dryers on each side of the aisle, and a dryer is stacked above each washing machine. While Mr. Parker was standing in the aisle between the two rows of laundry equipment taking a load of laundry from a dryer, a dryer across the aisle from him tilted and allegedly struck him, causing injuries.

Jerome Parker filed suit against Sodexco and Noble alleging claims against each defendant

under the Jones Act, 46 U.S.C. §30104, as well as claims for unseaworthiness.[1]  Sodexco has filed a motion for partial summary judgment seeking to dismiss plaintiff's Jones Act claim.

SUMMARY JUDGMENT STANDARD

Rule 56(c) of the Federal Rules of Civil Procedure provides that summary judgment should be granted "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law"  Fed.R.Civ.P. 56(c).  The party moving for summary judgment bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of the record "which it believes demonstrate the absence of a genuine issue of material fact." *Stults v. Conoco*, 76 F.3d 651 (5th Cir.1996),  citing  *Skotak v. Tenneco Resins, Inc.*, 953 F.2d 909, 912-13 (5th Cir.), quoting  *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S.Ct. 2548, 2552-53, 91 L.Ed.2d 265 (1986))).  When the moving party has carried its burden under Rule 56(c), its opponent must do more than simply show that there is some metaphysical doubt as to the material facts.  The nonmoving party must come forward with "specific facts showing that there is a genuine issue for trial." *Matsushita Elec. Industrial Co. v. Zenith Radio Corp.*, 475 U.S. 574, 588, 106 S.Ct. 1348, 1356, 89 L.Ed.2d 538 (1986);  *Tubacex, Inc. v. M/V Risan*, 45 F.3d 951, 954 (5th Cir.1995).

Thus, where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no "genuine issue for trial." *Matsushita Elec. Industrial Co. v. Zenith Radio Corp.*, 475 U.S. at 588, 106 S.Ct.  at 1356-57.  Finally, this Court notes that the substantive law determines materiality of facts and only "facts that might affect the outcome of the suit under

---

[1] The Court has previously dismissed the unseaworthiness claim against Sodexco as well as the Jones Act claim against Noble.

the governing law will properly preclude the entry of summary judgment." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986).

LAW AND ANALYSIS

A Jones Act employer has a broad duty to provide its employees with a safe place to work. *Coburn v. Bunge Towing, Inc.,* 883 F.2d 372, 374 (5th Cir. 1989). It is equally well established that "the employer must have notice and opportunity to correct an unsafe condition before liability attaches." *Id.*

Sodexco contends that plaintiff has not provided any specific facts to support a finding of negligence by Sodexco, and in support of that assertion points to Mr. Parker's deposition in which he testified that prior to the accident he had never seen a dryer tilt forward,[2] and that he did not know of anything that a Sodexco employee did that may have caused the dryer to fall.[3] In opposing the motion for partial summary judgment, plaintiff does not offer any evidence concerning how or why the dryer tilted forward.

However, that lack of specific facts at this point in the litigation does not entitle Sodexco to summary judgment . The Jones Act employer's duty to provide its employee with a safe place to work includes a duty to inspect third-party property for hazards as well as a duty to protect the employee from possible defects in the third-party property. *Davis v. Hill Engineering, Inc.*, 549 F.2d 314, 329 (5th Cir. 1977) (quoting *Nivens v. St. Louis Southwestern Railway Co*, 425 F.2d 114, 118-19 (5th Cir. 1970)), *overruled on other grounds by Gautreaux v. Scurlock Marine, Inc.*, 107 F.3d 331 (5th Cir. 1997). To put it another way "an employer has the duty to inspect third-party ships to which

---

[2] Depo. of Parker, Doc. 14-2, p. 98

[3] Depo. of Parker, Doc. 14-2, p. 114.

it sends its employees to work upon." *Blue Marlin Services of Acadiana, LLC*, \_\_\_\_ F.Supp. 2d \_\_\_\_\_, \_\_\_\_\_, 2010 WL 1978350 (E.D. La. May 14, 2010)(Zainey, J.). Judge Zainey further opined that "[i]f by a reasonable inspection the employer could have discovered the unsafe condition, then the employer will be charged with notice of that condition. The employer may protect itself by simply refusing to permit its employees from going on the property." *Id.*

Neither plaintiff nor Sodexco has offered any evidence concerning why the dryer tilted. However, plaintiff does assert in his opposition that the washers and dryers were improperly secured. Significantly, Sodexco has not offered any evidence, or even alleged, that it inspected the NOBLE AMOS RUNNER at any time before allowing employees, including Mr. Parker to work on that third-party property. Thus, there is no evidence that Sodexco fulfilled its duty to inspect a third-party property to which it was assigning an employee.

Here there is a genuine dispute as to a material issue , i.e., would a reasonable inspection of the NOBLE AMOS RUNNER have revealed whether the dryer was properly secured to prevent tilting.[4] The alleged accident occurred in the very area of the third-party property where Sodexco's catering hand was assigned to work, i.e., the laundry. As Judge Zainey noted in *Blue Marlin,* "[i]f we assume that a reasonable inspection of the vessel would have revealed the unsafe condition then [the Jones Act employer] would have had constructive notice of the unsafe condition *had it actually performed an inspection.*

The Court notes that Jones Act employer's failure to inspect third-party property does not relieve the plaintiff of his burden to prove that an unsafe condition on the property contributed to

---

[4] Sodexco has not submitted any evidence to indicate that the dryer tilted for any reason beyond the failure to secure it properly, e.g., extremely rough weather conditions or due to the failure of equipment being used to secure the dryer.

his injuries. *Johnson v. Blue Marlin Services of Acadiana, LLC*, 2010 WL 1978350 at *3.  Thus, Sodexco may, at some future time, reurge its motion for summary judgment with respect to the Jones Act negligence claim against it.  On this record however, the motion is denied.

New Orleans, Louisiana, this 16th day of September, 2010.

_____
STANWOOD R. DUVAL, JR.
UNITED STATES DISTRICT JUDGE

JS10(00:00)